# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DERIC LaVELLE MAY, AIS # 209534, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-0703-KD-N |
| TONY PATTERSON, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's action is malicious and/or 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because his damages claim is frivolous and his request for declaratory relief fails to state a claim upon which relief can be granted.

**I. Complaint.** (Doc. 1).

Plaintiff names two defendants to this action for the rejection of his mail, Tony Patterson, Warden of Holman Correctional Facility, and Ms. White, the prison's Mail Clerk. (Doc. 1 at 5). Plaintiff alleges, in sum, that on May 5, 2012, he received mail that had been rejected on May 1, 2012 and returned to the Atmore Post Office. (Id.). Plaintiff was not notified that his mail had been rejected and was not given the opportunity to object to the rejection of his mail before it was returned to the post office. (Id.). Plaintiff claims that he was entitled to receive written notice of the rejection with the reason therefor and the sender's name. (Id. at 8). The mail that

had been rejected on May 1 and 3, 2012 "was legal mail that plaintiff sent home for copying" which was being returned to him. (Id.). The mail had two different postmarks on it before it was sent "back," with a mark through one date and the tracking number. (Id.).

Plaintiff claims that defendants violated his First and Fourteenth Amendment rights. (Id. at 5, 6, 9). Each defendant is charged with "failing to provide plaintiff with protection [for] lawful expression and . . . minimum procedural safeguards against arbitrary censorship of protected speech[,]" depriving plaintiff of a liberty interest, and neglecting to notify plaintiff of the rejected mail and to provide a reasonable opportunity to protest the decision. (Id.). For relief, plaintiff seeks $100,000 in damages and a declaratory judgment, the nature of which is not specified. (Id. at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under the provisions of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), a claim shall be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Furthermore, an action shall be dismissed under § 1915(e)(2)(B)(i) when an action is determined to be malicious. An action is deemed to be malicious when a prisoner misrepresents under penalty of perjury his prior litigation history. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated in part on

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In addition, an action shall be dismissed if a prisoner brings an action pursuant to 28 U.S.C. § 1915 when he already had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Factual allegations will be treated as true, but conclusory assertions or a recitation of a cause of action's elements will not. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. A pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of

Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

    **A. Application of Dismissal Sanction for Failure to List Prior Litigation.**

In screening the complaint under 28 U.S.C. § 1915, the Court finds that plaintiff filed his complaint on a court-provided complaint form, as required by the Court and Local Rule 83.9(d)(1). This complaint form requires a prisoner plaintiff to provide a complete litigation history of his lawsuits filed in state or federal court courts dealing with the same or similar facts that are involved in his present action or are otherwise related to his imprisonment. (Doc. 1 at 3). On the complaint form plaintiff responded with "N/A" to the form's questions and then signed his complaint under penalty of perjury on August 3, 2012. (Id. at 7).

Plaintiff's responses do not reflect his litigation history. An examination of PACER (Public Access to Court Electronic Record) reveals that at the time plaintiff signed his complaint, he previously had filed three actions in Alabama's federal courts, namely, May v. Sexton, CA 97-288-SCP-RRA (N.D. Ala. Feb. 19, 1998); May v. Culliver, CA10-121-CG-C (S.D. Ala. Feb. 24, 2012) (frivolous), aff'd (11th Cir. Sept. 20, 2012) (frivolous appeal); and May v. Patterson, CA 11-675-KD-B (S.D. Ala.) (pending with a recommendation entered on July 24, 2013 to dismiss the action on defendants' summary judgment motion). Plaintiff did not list these actions or attempt to identify them.

When screening a complaint for 28 U.S.C. § 1915(g)'s purposes, a court is "involved in more than sophomoric arithmetic [as c]ourts must search record of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasion' entered orders of dismissal and, if so, . . . the reason for the dismissals[.]" Rivera, 144 F.3d at 726. When a

4

prisoner does not disclose his prior litigation history as required by the Court's form and then signs the form under penalty of perjury, his action is considered to be an abuse of process warranting its dismissal without prejudice as malicious pursuant to § 1915(e)(2)(B)(i). Id. at 731 (approving of the district court's counting as a strike under § 1915(g) one the plaintiff's prior actions that was dismissed without prejudice as a sanction for abuse of the judicial process when he lied under penalty of perjury about the existence of a prior lawsuit even though the words frivolous or malicious were not used).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants the case's dismissal without prejudice. See Rivera, 144 F.3d at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); Harris v. Warden, No. 11-14690, 2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished) [2] (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied,

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

5

2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury that was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for abuse of process after he checked "no" to the complaint form's question if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (finding the inmate abused the judicial process when he did not list the prior two cases that he had filed within the month even though he did not have his legal materials,) cert. denied, 131 S.Ct. 527 (2010); Young v. Secretary Fla. Dep't of Corr., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude

that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

The Court finds that the information requested was available to plaintiff, and he chose not to provide it to the Court and knowingly signed the complaint under penalty of perjury. The Court, therefore, concludes that plaintiff intentionally withheld information. Plaintiff's failure to provide a complete list of his litigation history is an abuse of the judicial process and is malicious conduct that warrants sanctioning. Considering the intentional omission in his complaint signed under penalty of perjury, the nature of this action, and his litigation history, an appropriate sanction dismissal of this action *without prejudice*. It is recommended that this in forma pauperis action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.[3]

**B. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B).**

**1. Application of 42 U.S.C. § 1997e(e).**

An alternate reason for dismissing this action is for failure to state a claim. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Congress enacted this section "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216

---

[3] Another action brought by plaintiff, May v. Barber, CA 13-237-CB-C (S.D. Ala. July 22, 2013), was dismissed without prejudice as a sanction when the action was determined to be malicious due to plaintiff listing only two of his prior actions in his sworn complaint and not including two other actions.

7

F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]" Id. at 1289.

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). All claims, including constitutional claims, are encompassed by the statute's clear and broad language, with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

Here, plaintiff has not alleged that he suffered a physical injury as a result of his mail being rejected. Nonetheless, he asks for $100,000 in damages and a declaratory judgment. Although nominal damages are not precluded by § 1997e(e), plaintiff's damages request is for something other than nominal damages in that one-dollar is typical of the amount awarded for nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); In re Bayside Prison Litigation,

CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"); Partain v. Walker, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga. Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour that he did not go outside and $10,000 for each day that he went outside in shackles were not requests for nominal damages).

Inasmuch as plaintiff's request cannot be considered one for nominal damages, the other types of damages that would encompass a request for $100,000.00 are compensatory and punitive damages. However, these types of damages cannot be recovered when no physical injury is present. See 28 U.S.C. § 1997e(e); Al-Amin, 637 F.3d at 1198.[4] Thus, plaintiff's request for damages in this action is barred by 42 U.S.C. § 1997e(e), and his damages request is due to be dismissed without prejudice as frivolous. See Napier, 314 F.3d at 531, 534.

### B. Declaratory Relief.

In addition to damages, plaintiff requests a "declaratory judg[]ment." (Doc. 1 at 7). Without advising the Court of the nature of the declaratory relief that he seeks, the Court is placed in a position of having to assume that plaintiff would seek to have the Court declare that his constitutional rights were violated by defendants in their handling of the rejection of his mail.

---

[4] In Al-Amin, the prisoner complained about this legal mail being opened outside of his presence. The Court held that 42 U.S.C. § 1997e(e) barred him from proceeding on a claim for punitive damages, as no physical injury was present. 637 F.3d at 1199. The prisoner did not seek compensatory damages, but it was noted that they were not available when no physical is present. Id. at 1194, 1198.

Assuming without deciding that this is the request that plaintiff sought to advance, this declaratory relief request fails to state a claim upon which relief can be granted.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . .any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ." 28 U.S.C. § 2201; see Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950) (ruling that a declaratory judgment is an additional remedy provided by Congress). The main purpose of the Declaratory Judgment Act is to have disputed coverage and liability issues between an insured and insurer decided in advance. American Bankers Ins. Co. v. Mitchell, CA 08-56-CG-C, 2008 WL 2634368, at *2 (S.D. Ala. July 3, 2008) (unpublished). But before declaratory relief can issue, the existence of an actual controversy that is continuing is required by the Act. Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). As the Eleventh Circuit explained,

> [U]nder the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. Lake Carriers' Association v. MacMullan, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972); Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 959-60, 22 L.Ed.2d 113 (1969); Sullivan v. Division of Elections, 718 F.2d 363, 365 (11th Cir.1983). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Ciudadanos Unidos de San Juan v. Hidalgo County Grand Jury Commissioners, 622 F.2d 807, 821-22 (5th Cir.1980), cert. denied, 450 U.S. 946, 101 S.Ct. 1479, 67 L.Ed.2d 613 (1981). Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983); Golden v. Zwickler, 394 U.S. at 108, 89 S.Ct. at 959-60; Wolfer v. Thaler, 525 F.2d 977, 979 (5th Cir.), cert. denied, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976). The remote possibility that a future injury may happen is not

10

> sufficient to satisfy the "actual controversy" requirement for declaratory judgments. See City of Los Angeles v. Lyons, 461 U.S. at 103, 103 S.Ct. at 1666 (1983).

Id.

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy an[d] reality to warrant the issuance of a declaratory judgment." Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 959-60, 22 L.Ed.2d 113 (1969) (citation omitted). The inference of a continuing dispute with a real and immediate threat of a future injury must be able to be made from the allegations. Emory, 756 F.2d at 1552. Here, plaintiff's allegations show an isolated period of time in early May, 2012, with respect to one piece of mail. No allegations were made indicating a future injury, much less a future injury that was imminent or real. Considering that plaintiff's allegations do not reflect an actual, continuing controversy with each defendant that will result in a future injury to him, plaintiff's claim for declaratory relief is without legal merit and is therefore frivolous. See Golden, 384 U.S. 108, 89 S.Ct. 959-60 (finding no live controversy existed to challenge the statute forbidding the distribution of anonymous literature as the election had passed and it was conjectural that former Congressman may run again for election); City of Los Angeles v. Lyons, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666, 75 L.Ed.2d (1983) (ruling that plaintiff's "assertion that he may again be subject to an illegal chokehold does not create the actual controversy that must exist for a declaratory judgment to be entered"); Emory, 756 F.2d at 1552 (finding that the judge's conduct toward the juror, inside and outside of the court, did not present a live controversy as no allegations were made that the conduct continued or will occur again and the possibility that the plaintiff would be a juror again was remote).

Because 42 U.S.C. § 1997e(e) precludes a recovery of damages in this action and plaintiff's request for declaratory relief fails to state a claim, plaintiff's action is due to be dismissed without prejudice for this alternate reason.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's action is malicious and/or 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because his damages claim is frivolous and his request for declaratory relief fails to state a claim upon which relief can be granted. See Napier, 314 F.3d at 531 (holding that an action barred by § 1997e(e) should be dismissed without prejudice).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 21st day of August, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**