IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DERIC LAVELLE MAY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00703-KD-N |
| | ) | |
| TONY PATTERSON and MS. WHITE, | ) | |
|     Defendants. | ) | |

**ORDER**

This action is before the Court on the Motion for Relief from Judgment (Doc. 32) filed by Plaintiff Deric LaVelle May ("May"). Pursuant to Federal Rule of Civil Procedure 60(b), May moves for relief from the Court's Judgment (Doc. 18) dismissing this action without prejudice. He also invokes the procedure for recusal provided by 28 U.S.C. § 144 (Doc. 32 at 3). Upon consideration, the Court finds that the motion is due to be **DENIED**.

**I.     Recusal**

In the present motion, May, invoking 28 U.S.C. § 144,[1] appears to request that the undersigned recuse herself from proceeding further in this action, arguing that the undersigned "engaged in conduct that was so prejudicial to the effect and expeditious aministration [sic] of the business of the court."   (Doc. 32 at 3). As evidence that "bias and prejudice exist[,]" May simply cites to a copy of the Court's Order dated September 5, 2013, adopting the Magistrate Judge's Report and Recommendation and denying May's motion for more time to file objections

---

[1] "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. []The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."   28 U.S.C. § 144.

to same.  (Id. at 3, 5).

Whether to recuse from a case is committed to the sound discretion of the Court. See, e.g., United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). "Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455." Johnson v. Wilbur, 375 F. App'x 960, 964-65 (11th Cir. 2010).

> Section 144 provides:
>
>> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein.
>
> 28 U.S.C. § 144 (2000). To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists. See Phillips v. Joint Legislative Comm. on Performance & Expenditure Rev., 637 F.2d 1014, 1019 n. 6 (5th Cir. Unit A Feb.1981). Properly pleaded facts in a § 144 affidavit must be considered as true. See id. at 1019.
>
> Section 455 requires that a judge disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a) & (b)(1) (2000). Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. See United States v. Kelly, 888 F.2d 732, 744-45 (11th Cir. 1989).

Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (footnote omitted).

May is due no relief pursuant to § 144. First, he has not submitted an affidavit or any other sworn statement in support of recusal. See, e.g., Berger, 375 F.3d at 1227 ("Under § 144, a party must file 'a timely and sufficient affidavit' complaining of a trial judge's personal bias. This statute is inapplicable to this case because Berger did not file an affidavit."); Townsend v. Gray, 505 F. App'x 916, 917 n.2 (11th Cir. 2013) ( ". . . 28 U.S.C. § 144, is inapplicable because Townsend did not file the requisite affidavit." (citing Berger)).

Moreover, May's conclusory statements and bald citation to the undersigned's previous

2

Order do not constitute "facts that would convince a reasonable person that bias actually exists." Christo, 223 F.3d at 1333. "The United States Supreme Court has instructed that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' " Draper v. Reynolds, 369 F.3d 1270, 1279 (11th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Thus, even construing May's handwritten motion as a sworn declaration, he has not filed a "sufficient" statement warranting reassignment and recusal under § 144. For the same reason, the claims in May's motion also would not cause "an objective, fully informed lay observer [to] entertain significant doubt about the [undersigned ]judge's impartiality." Christo, 223 F.3d at 1333. Thus, no recusal under § 455 is warranted either. See Draper, 369 F.3d at 1281 ("Draper's unsupported, inflammatory allegations alone would not cause a reasonable person to question Judge Camp's impartiality and do not entitle him to a new judge."); Kapordelis v. Carnes, 482 F. App'x 498, 499 (11th Cir. 2012) ("[H]is allegations of prejudice are wholly conclusory. The conclusory allegations fail to meet the objective standards for recusal under either 28 U.S.C. § 144 or § 455(a)."); Fox v. Prudential Fin., 178 F. App'x 915, 919 (11th Cir. 2006) ("Fox's conclusory statements that 'secret discussions' between Prudential and the court 'manifestly deflate any confidence in the judiciary' are unsupported by any evidence. No evidence in the record supports Fox's theory that the court became 'personally involved in soliciting Prudential and its attorneys to defend this case' in secret discussions. A reasonable person would not find partiality based on bare allegations of bias and nothing more. Nor do we.").

      As the Court has determined that reassignment and recusal are not warranted, it will now proceed with its analysis of Petitioner's Rule 60(b) claims.

**II.     Rule 60(b) Claims**

May moves for relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), and (6), which state:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> **(4)** the judgment is void;
>
> . . .
>
> **(6)** any other reason that justifies relief.

May's motion is heavy on legal conclusions but light on substantive allegations. The only grounds May appears to assert as entitling him to relief under Rule 60(b) are that the Court denied May an enlargement of time to object to the Magistrate Judge's Report and Recommendation and that the Court adopted the Report and Recommendation before the original time for filing objections had run.

"Rule 60(b)(1) 'encompasses mistakes in the application of the law [,]' including judicial mistakes." United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars & Thirty-Two Cents ($1,449,473.32) in U.S. Currency, 152 F. App'x 911, 912 (11th Cir. 2005) (quoting Parks v. U.S. Life and Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982)). "In general, 'a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1216 n.13 (11th Cir. 2009) (quoting Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir.2001) (citation omitted)).

The Court finds no error warranting reconsideration of its judgment under either of these

4

subsections. Even if May had filed objections to the Report and Recommendation, the Court would have only been required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection [wa]s made." 28 U.S.C. § 636(b)(1). Here, despite having not yet received objections from May, the Court "conducted a *de novo* review of the Report and Recommendation and agree[d] with the Magistrate Judge's conclusions[,]" specifically that May's "claim is clearly frivolous." (Doc. 17). Moreover, in denying May's Rule 59(e) motion to alter or amend judgment, the Court also treated the arguments raised in that motion as objections to the Report and Recommendation and, "[a]fter a *de novo* determination of those portions of the Report and Recommendation to which objection [wa]s made, . . . f[ound] no reason to reconsider its adoption of the Report and Recommendation." (Doc. 22 at 2, n.1). Accordingly, the Court adequately scrutinized the Magistrate Judge's findings and recommendations before adopting them.

"[R]elief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.' " Johnson v. Am. Sec. Ins. Co., 392 F. App'x 838, 841 (11th Cir. 2010) (quoting Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001)). "A motion pursuant to Rule 60(b)(6) must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion.' " Id. (quoting . Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quotation marks omitted)). The Eleventh Circuit "will not reverse a district court's denial of a Rule 60(b)(6) motion on appeal unless the appellant demonstrates that the district court was required to grant relief." Id. (citing Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)). May has made no showing of "exceptional circumstances" warranting reconsideration under this subsection.

y
y2

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that May's Motion for Relief from Judgment (Doc. 32) is **DENIED**.[2]

**DONE** and **ORDERED** this the **16th** day of **October 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Though May has previously filed a Notice of Appeal (Docs. 23, 28), the Court can still deny May's motion. See Fed. R. Civ. P. 62.1(a)(2).